IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00257-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDDIE DAVIDSON,
   a/k/a Edward Davidson

    Defendant.

---

**GOVERNMENT'S MOTION FOR SENTENCING REDUCTION FOR DEFENDANT PURSUANT TO U.S.S.G. § 5K1.1**

---

The United States of America, by and through Troy A. Eid, United States Attorney for the District of Colorado, and Tim R. Neff, Assistant United States Attorney, hereby moves for a reduction of Defendant Eddie Davidson's sentence, pursuant to the provisions of §5K1.1, U.S. Sentencing Guidelines, in light of the Defendant's substantial assistance to the Government in the investigation and prosecution of other persons who have committed offenses against the laws of the United States.

In support of the Motion, the Government states as follows:

On June 6, 2007, the Defendant was arrested following his indictment in the above matter. The same day of his arrest, the Defendant provided a confession to federal agents regarding his involvement in illegal spamming activities. Shortly thereafter, the Defendant retained counsel and began formally cooperating with the Government. As part of the Defendant's cooperation, the Defendant provided several proffer statements to the Government

beginning on July 19, 2007, and continuing through present. In such proffer statements, the Defendant supplied information to the Government concerning his participation in illegal spamming activities from 2003 through 2006. In the course of describing his activities, the Defendant provided technical explanations as to the methods, systems and programs utilized by him and other spammers in the course of their operations. Such information was helpful and insightful to the FBI regarding the techniques and sources of information used by spammers. The Defendant also provided information concerning other confederates with whom he worked, providing details regarding various financial transactions and illicit activities.

      Specifically, the Defendant provided information concerning an individual identified as Darrel Uselton ("Uselton"). Davidson explained that Uselton operated a penny stock fraud scheme from his Houston based company, Warrior Capital, LLC, during 2005 and 2006. The Defendant explained that he and Uselton had a business agreement whereby the Defendant, using the internet, sent thousands of unsolicited e-mails for purposes of promoting stock in various companies for which Uselton controlled an equity interest. In return, Uselton would compensate the Defendant based on the corresponding increase in volume of stock sales for such companies. In this manner, the Defendant explained how he assisted Uselton in artificially manipulating the price of stock in the market using false press releases and other financial news. In turn, the Defendant was paid for Uselton for his services. The Defendant reviewed records and confirmed for agents how various payments were made by Uselton to him for such services. He also provided details regarding conversations he had with Uselton over the telephone regarding the scheme. Such information was previously unknown to agents.

As part of the Defendant's cooperation, various law enforcement agencies have interviewed the Defendant regarding his activities with Uselton, including, agents from the New York Attorney General's Office, the Texas Attorney General's Office, and the Harris County District Attorney's Office (Houston, Texas). In addition, a staff attorney and investigator with the U.S. Securities and Exchange Commission interviewed and relied upon the Defendant's information in building their case against Uselton and others connected to their fraudulent stock fraud scheme. In the course of the investigation of Uselton, state agents recovered a number of e-mails as part of a search warrant in Texas. With the Defendant's cooperation and access to his computer files, law enforcement authorities have been able to interpret such e-mail communications as well as authenticate their origin. Uselton's case is currently set for trial in Texas in September 29, 2008, at which time the Defendant is prepared and intends to make himself available as a state witness.

Over the past two months, the Defendant has also provided proactive cooperation as a "consultant" to the FBI. Such cooperation has involved regular meetings with a FBI agent, at various locations and times designated by such agent. The Defendant has attended such meetings and cooperated fully with the FBI. Without revealing the specific details of the investigative activities (as some aspects remain ongoing), the Defendant has repeatedly provided useful, reliable, and timely assistance in the course of such meetings. The FBI continues to evaluate and investigate matters as a result of the Defendant's cooperation.

In sum, the Defendant's cooperation has been provided directly to agents from the FBI, IRS, and state authorities. Such cooperation has been evaluated and reviewed by FBI Agent Steve Roberts and IRS Agent Michael Herrera. Both agents confirm that the Defendant's

information has been timely in that it has occurred at a point when the Government is/was still actively investigating various uncharged subjects.  In addition, the Defendant's information has bolstered the case of Texas State authorities as it relates to Uselton, thus, reducing the amount of resources needed to otherwise develop evidence and prove material facts related to such matter.

Thus, it appears to the Government that the Defendant's cooperation has been complete, truthful and reliable.

Because of the nature of the information related above and due to the fact that aspects of the Government's investigation remain ongoing, the Government submits that the public disclosure of Davidson's proffer statements could result in a risk of danger to the Defendant while he is serving a sentence of imprisonment.  Accordingly, the Government will make any proffer statements available for the Court's review upon request.

WHEREFORE, the United States respectfully recommends that this Court grant its motion, pursuant to Section 5K1.1 of the United States Sentencing Guidelines and Title 18, United States Code, to depart below Defendant's applicable sentencing guideline range in imposing sentence upon Defendant based on his substantial assistance.  The Government further recommends that the Court, in imposing sentence, depart by thirty-five (35%) from the low end of the guideline range calculated by the Court.

Respectfully submitted this 24th day of April, 2008.

                              TROY A. EID
                              United States Attorney


By:    s/Tim Neff
        TIM R. NEFF
        Assistant United States Attorney
        U.S. Attorney's Office
        1225 17th St., Suite 700
        Denver, CO  80202
        Telephone:  (303) 454-0100
        Fax:  (303) 454-0402
        E-mail:  tim.neff@usdoj.gov
        Attorney for the Government

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of April, 2008, I electronically mailed the foregoing **"Government's Motion for Sentencing Reduction for Defendant Pursuant to U.S.S.G. § 5K1.1"** to the following e-mail addresses:

Michael Arvin, Esq.
e-mail:  arvinlawoffices-ecf@comcast.net

Robert Helfend, Esq.
e-mail:  rmhelfend@myway.com

and a copy has been sent via e-mail to:

Laura Ansart
U.S. Probation Department
e-mail:  Laura_Ansart@cod.uscourts.gov

                                              s/Maggie E. Grenvik
                                              Maggie E. Grenvik
                                              Legal Assistant for Assistant U.S. Attorney Tim Neff
                                              U.S. Attorney's Office
                                              1225 17th St., Suite 700
                                              Denver, CO  80202
                                              Telephone:  (303) 454-0100
                                              Fax:  (303) 454-0401
                                              e-mail:  maggie.grenvik@usdoj.gov